UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RONALD LEE BANKS, <br><br> Defendant. | Case No. C09-5494RBL <br> CR07-5346RBL <br><br> ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion pursuant to 28 U.S.C. § 2255. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

## I. BACKGROUND

On September 2, 2008 the Defendant was sentenced to 80 months in custody pursuant to his guilty plea to Possession With Intent to Distribute MDMA. He entered his guilty plea before this Court on May 9, 2008 pursuant to a written plea agreement that, *inter alia,* contained a waiver of appellate rights. In this timely filed motion he alleges that his counsel was ineffective, that his criminal history was miscalculated, and that his plea agreement was violated because a sentence he received in state court was imposed to run consecutively to his federal sentence. He seeks re-sentencing, or alternatively to withdraw his plea.

## II. DISCUSSION

**A.     The Defendant Received the Effective Assistance of Counsel.**

The defendant's claim that his conviction and sentence must be vacated because he received ineffective assistance of counsel is evaluated under the standard articulated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish constitutionally ineffective assistance of counsel under *Strickland*, the defendant must show that (1) "counsel's performance was deficient," and (2) counsel's "deficient performance prejudiced the defense." *Id*. at 687. To show that counsel's performance was deficieint, defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id*., at 688. This Court's "scrutiny of counsel's performance must be highly deferential[]" and the Court "must indulge a strong presumption that a counsel's conduct falls within the wide range of reasonable professional assistance." *Id*., at 689. In the context of a counseled plea of guilty, *Strickland's* second prong of "prejudice" is satisfied only if the defendant can show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

He alleges without any evidentiary or factual support that his counsel's performance was deficient by: (1) informing the defendant that he would receive a sentence of 57 months; (2) pressuring the Defendant to plead guilty; (3) failing to file objections to the Presentence Report; and (4) failing to file a Notice of Appeal.

### 1.     The record clearly demonstrates that Defendant was not promised a sentence of 57 months.

The written plea agreement entered into by the Defendant clearly states at paragraph 7 that no one has promised or guaranteed what sentence he would receive. During the plea colloquy the Defendant was asked:

> "Has anybody told you that they've talk[sic] to me or any other judge and received a promise about what the ultimate sentence in this case will be?"

The Defendant answered "No." [May 9, 2008 Transcript, p. 7]. The plea agreement states at paragraph 16 that it is the entire agreement between the parties. During the plea colloquy the Defendant acknowledged that he signed the plea agreement and that it was the only plea agreement between the parties. [May 9, 2008 Transcript, p. 12]. Furthermore, counsel's declaration in response to Defendant's motion states that

he did not promise that Defendant would receive a sentence of 57 months.

The Defendant has not presented any evidence to the contrary. His claim that he was told that he would be sentenced to 57 months is clearly contradicted by the record in this case and is **DENIED.**

### 2. The record clearly demonstrates that the Defendant was not pressured into pleading guilty.

The plea agreement at paragraph 14 states: "Defendant agrees that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty." During the plea colloquy, the following exchange occurred:

> THE COURT: For our purposes, though, it's essential that you confirm, if in fact it's a true statement, that no one has threatened you or any family member in order to coerce you into a guilty plea here today.
>
> Is that a true statement?
>
> THE DEFENDANT: Yes, it is.

[May 9, 2008 Transcript, p. 7]. Counsel's declaration states that he advised the Defendant that it was in the Defendant's best interest to plead guilty, but left the decision to him.

The Defendant has not presented any evidence to the contrary. His claim that his counsel pressured him into pleading guilty is clearly contradicted by the record in this case and is **DENIED**.

### 3. The record clearly demonstrates that counsel filed objections to the Presentence Report.

Attached as an exhibit to counsel's declaration is a letter counsel sent to the presentence author. In it were objections to the method used to calculate the weight of the MDMA and challenges to the criminal history score. Furthermore, counsel filed a detailed sentencing memorandum which articulately argued that the weight of the MDMA should be calculated based on its purity. He further argued that the Defendant's criminal history category over-represented his actual criminal history. The Defendant does not argue what other objections should have been raised. Therefore, because counsel did file objections to the Presentence Report and the Defendant does not indicate what other objections should have been filed, this claim is **DENIED**.

### 4. The record reflects that Defendant did not request counsel to file a Notice of Appeal, and even if he did so request, the Defendant knowingly and intelligently waived that right.

Counsel's declaration states that Defendant did not request that he file a Notice of Appeal. Defendant presents no evidence to the contrary. Even if counsel failed to file a Notice of Appeal after a request and thus performed deficiently, the Defendant cannot demonstrate that he was prejudiced.

The plea agreement contained a clear and unambiguous waiver of appeal at paragraph 13. At the plea colloquy the following exchange occurred:

> THE COURT: If you plead guilty, the right to the jury trial is gone forever, and pursuant to the plea agreement, if the Court enters a custodial sentence that is within or below the sentencing guideline range, you are waiving your right to appeal the sentence imposed by this Court.
>
> Do you understand all that?
>
> THE DEFENDANT: Yes, I do.
>
> THE COURT: In that circumstance, the only attack you could make against the judgment imposed by the Court would be in the unlikely event of inefficient [sic] assistance of counsel.
>
> Do you understand?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you still wish to proceed?
>
> THE DEFENDANT: Yes, Your Honor.

[May 9, 2008 Transcript, p. 9]. The Court found that the Defendant knowingly and intelligently entered his guilty plea.. [May 9, 2008 Transcript, p. 11].

Because the plea agreement contained a clear and unambiguous waiver of appeal and because the Court's colloquy correctly explained the waiver that Defendant indicated he understood, the Defendant's direct appeal would not be considered by the Court of Appeals. *See United States v. Anglin*, 215 F.3d 1064, 1066-67 (9th Cir. 2000) (appeal dismissed based on knowing waiver of right to appeal). Because the Defendant's appeal would not be considered by the Court of Appeals, he suffered no prejudice. This claim is **DENIED**.

### B. The Defendant's Claim That His Criminal History Score Was Incorrectly Calculated is Procedurally Defaulted.

The Defendant alleges that he should not have received two criminal history points for his 2001

conviction for Driving While License Suspended Charge. He also alleges that he served concurrent sentences on his 2002 Possession of Cocaine with Intent to Deliver and 2005 Possession of MDMA convictions.

This challenge was not raised at sentencing nor on direct appeal. It is the general rule that claims not raised at trial or on direct appeal cannot be raised in a § 2255 motion absent a showing of cause and prejudice. See *United States v. Frady*, 456 U.S. 152, 167-168 (1982). Here, the Defendant can show neither cause nor prejudice because he is incorrect that his criminal history score was miscalculated. As to his first claim, the Presentence Report only ascribed one-point to his 2001 conviction for Driving While License Suspended. As to his second claim, even if he served the two sentences concurrently (which the record does not support), they were separated by an intervening arrest and are thus counted separately. U.S.S.G. 4A1.2(a)(2). Defendant's claim is **DENIED**.

**C.     The Defendant's Plea Agreement Was Not Violated When the State Court Imposed a Consecutive Sentence.**

The Defendant alleges that there was an agreement between he and the Government that a later-imposed state court sentence would be run consecutive to his federal sentence. Despite the fact that the plea agreement contains no such promise and as detailed earlier in this Order the Defendant expressly acknowledged that there were no other promises outside of the plea agreement, Defendant somehow argues that another agreement existed as to his state sentence. During the plea colloquy, the Government explicitly explained the situation with the impending state court charges:

> MR. HILL: May I raise just one - - well, I guess as to the completeness of the agreement, in paragraph 16, the defense did request as a part of this, our negotiations, that I attempt to do what I could to see if King County Prosecutor's Office - - Mr. Banks is pending a sentencing in King County, felony drug sentencing in superior court, and the request was made whether or not we could do something to try to arrange a concurrent sentence.
>
> I have contacted Mr. Michael Hogan, who is a deputy prosecutor up there, and he agreed with that, that they would make that recommendation. I didn't think it was appropriate to put it in the plea agreement because we can't really bind them.
>
> THE COURT: Right.
>
> MR. HILL: I have, however, written a letter to Mr. Hunko on U.S. Attorney's letterhead saying here's what I have done, here's what Mr. Hogan has agreed to.

[May 9, 2008 Transcript, pp. 12-13].

The record clearly reflects that there was no portion of the plea agreement that was violated. This claim is **DENIED.**

Defendant's Motion pursuant to 28 U.S.C. § 2255 is **DENIED.**

Defendant's Motion for Appointment of Counsel is **DENIED.**

The Court declines to issue a Certificate of Appealability because the Defendant has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 9th day of February, 2010.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE